IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiffs,

v.

MADHAVI VUPPALAPATI,

    Defendant.

14mc00133
**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. NO. 7)

This case centers on a defaulted loan and Defendant, Madhavi Vuppalapati's, alleged obligation to tender Plaintiff, PNC Bank, National Association, amounts due on a promissory note and guaranty. Doc. No. 1. Jurisdiction is based upon diversity of citizenship.

Presently before this Court is a Motion to Dismiss filed by Defendant in which Defendant moves this Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and improper venue. Specifically, Defendant contends that the guaranty at issue contains a forum selection clause that limits litigation to the State Courts of Allegheny County. Defendant cites the following language: "Choice of Venue. If there is a lawsuit, Guarantor [Defendant] agrees upon Lender's [Plaintiff's] request to submit to the jurisdiction of the courts of Allegheny County, Commonwealth of Pennsylvania." Doc. No. 1-9, 3. Defendant contends that this language prohibits litigation in Federal Courts, including those within Allegheny County. Doc. No. 7, 3.

The Court has subject matter jurisdiction over this case because the Parties are citizens of different states and the amount in controversy is greater than $75,000.00. These factors are undisputed. Venue is also proper in this Court. The contested forum selection clause does not

specify that any lawsuit be brought solely in the State Courts of Allegheny County. The forum selection clause, when read in connection with the Second Amendment to Promissory Note and Loan Documents and the signed Consent of Guarantor (which are attached to Plaintiff's Complaint), demonstrates that Defendant consented to jurisdiction in any State or Federal Court in Allegheny County, Pennsylvania. Doc. No. 1-8, 11 ("Each obligor [Defendant] irrevocably consents to the exclusive jurisdiction of any state or federal court in Allegheny County, Pennsylvania or the United States Court for the Western District of Pennsylvania . . . ."). This language is not inconsistent with the provision cited by Defendant, but rather, clarifies that the Parties intended "the courts of Allegheny County, Commonwealth of Pennsylvania" to include both State and Federal Courts, including the United States District Court for the Western District of Pennsylvania. Therefore, subject matter jurisdiction and venue are proper in this Court.

AND NOW, this 30th day of May, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 7) is **DENIED**.

                                                          s/ Arthur J. Schwab
                                                          Arthur J. Schwab
                                                          United States District Judge

cc: All Registered ECF Counsel and Parties